IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHRISTAL SNYDER | : | NO. 10-427-05 |

MEMORANDUM

Bartle, J.                                                    May 29, 2025

Before the court is the pro se letter request of
defendant Christal Snyder to terminate her supervised release
(incorrectly denominated probation).

Defendant pleaded guilty on February 15, 2011 to: (1)
conspiracy to distribute 100 grams or more of heroin (21 U.S.C.
§ 846); (2) possession with intent to distribute 100 grams or
more of heroin (21 U.S.C. § 841(a)(1), (b)(1)(B); (3) possession
with intent to distribute 100 grams or more of heroin within
1000 feet of a school (21 U.S.C. § 841(a) (1), (b)(1)(B); (4)
use of a communication facility in furtherance of drug
trafficking (21 U.S.C. § 843(b)); (5) conspiracy to commit
robbery which interferes with interstate commerce (18 U.S.C.
§ 1951); and (6) using and carrying a firearm during and in
relation to a crime of violence (18 U.S.C. § 924(e)).  She was
sentenced to 126 months in prison to be followed by 8 years of
supervised release.

In paragraph 7 of her signed guilty plea agreement, she agreed:

> In exchange for the promises made by the government in entering this plea Agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.[1]

The court at the time of sentencing reviewed this waiver with defendant and found that she knowingly and intelligently agreed to it. There was no appeal of her sentence. She has now completed her term of imprisonment and approximately five years of her eight years of supervised release. As noted, she now seeks termination of her supervised release, presumably under 18 U.S.C. § 3583(e)(1).

The court has been advised that she is following the rules and complying with the conditions of her supervised release. It is the court's understanding that as a result her supervision is minimal at this time. The court commends her for turning her life around.

The imposition of sentence includes not only the term of imprisonment but also the term of supervised release. United States v. Damon, 933 F.3d 269, 273 (3d Cir. 2019); United States

---

[1] Paragraph 7 of the guilty plea agreement also contains certain exceptions under which a defendant may appeal or attack her sentence. None of those exceptions applies here.

v. Wadlington, Crim. A. No. 12-457-2, 2022 WL 206173 at *1 (E.D. Pa. Jan. 24, 2022).  Ms. Snyder has waived, that is given up, her right to appeal her sentence or otherwise to challenge it unless enforcing the waiver would work a miscarriage of justice. Damon, 933 F.3d at 272.  Her request seeking a termination of her supervised release cannot be granted as she is attacking her sentence and no miscarriage of justice has been shown.